IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FRANCIS D. TYMENSKY,              :
       Petitioner,              :
    v.                            :   Case No. 2:09-cv-1094-KAP
JOHN H. FORADORA, PRESIDENT       :
JUDGE, JEFFERSON COUNTY COURT OF  :
COMMON PLEAS, and LARRY STRAITIFF,:
CHIEF PROBATION OFFICER,          :
       Respondents              :

<u>Memorandum Report and Recommendation</u>

Petitioner alleges he is incarcerated in the Jefferson County Jail after being sentenced in July 2009 by the Court of Common Pleas of Jefferson County to two consecutive six month sentences for failing to pay restitution costs and fines on sentences imposed on two convictions that date from 1994. Petitioner alleges that he fully served his sentences long ago and that any financial obligation was also discharged long ago by an agreement to forfeit the bond posted in the underlying prosecution. Petitioner seeks release from prison and $1500/day damages for wrongful imprisonment.

Release from prison is relief ordinarily sought in a petition for a writ of habeas corpus. <u>See</u> <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973). Plaintiff could file a complaint under the Prison Litigation Reform Act for damages against a defendant for being deliberately indifferent to the fact that he has no legal authority to hold an inmate, <u>see</u> <u>Moore v. Tartler</u>, 986 F.2d 682, 686 (3d Cir.1993); <u>Sample v. Diecks</u>, 885 F.2d 1099, 1110 (3d Cir.1989). However, the proper defendant in such a case would be

the warden of the prison because the sentencing judge is not the custodian of the petitioner and in any case is absolutely immune from an action for money damages. Additionally, because this petitioner has filed more than three complaints dismissed for failure to state a claim, 28 U.S.C.§ 1915(g) would require him to pay the entire $350.00 filing fee at the outset.

More fundamentally, if petitioner wishes to be compensated for being held unlawfully, he must first establish that he is being held unlawfully[1]. Because his action necessarily challenges the fact of or the duration of his sentence, it is appropriate as a petition for a writ of habeas corpus. However, while a claim raised in a petition for a writ of habeas corpus can be denied whether or not it has been presented to the state courts, 28 U.S.C.§ 2254(b)(2), a federal court cannot **grant** a writ of habeas corpus unless the respondent waives exhaustion, 28 U.S.C.§ 2254(b)(3), or petitioner has exhausted such remedies as are available in the state courts[2], 28 U.S.C.§ 2254(b)(1)(A), or petitioner shows that there is an absence of corrective process or

---

1. Because any claim for money damages against anyone responsible for plaintiff's imprisonment cannot accrue until it is established that plaintiff's sentence is erroneous, any complaint for damages should be dismissed as unripe. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

2. Exhausting a federal claim ordinarily means presenting it to the Court of Common Pleas and to the Pennsylvania Superior Court. Lambert v. Blackwell, 387 F.3d 210, 234 (3rd Cir.2004).

2

that circumstances render that process ineffective to protect his rights. 28 U.S.C.§ 2254(b)(1)(B)(i) and (ii).

Petitioner's claim that he has served his sentence and has no financial obligation on which Judge Foradora could base a finding of criminal contempt challenges the sentence imposed on him. The normal route to challenge a sentence imposed by a Court of Common Pleas is by appeal to the Pennsylvania Superior Court. Petitioner is entitled to be represented in the filing of that appeal by appointed counsel. Petitioner does not indicate why that garden variety proceeding is an inadequate or unavailable remedy. Once petitioner has exhausted his remedies in state court he may proceed in federal court in a petition for a writ of habeas corpus. The Clerk shall provide plaintiff with a copy of the forms used for habeas corpus petitions.

The prospect of excessive delay in the state court appeal can excuse exhaustion and allow a federal court to consider a petitioner's claim on the merits. However, petitioner does not allege or show protracted delay in the processing of any appeal to the Pennsylvania Superior Court which indicates that his remedies in state court are ineffective. If petitioner has evidence supporting that claim he should submit it within the next ten days. Absent such a showing, his petition should be dismissed without prejudice to re-filing when the state court appeals is completed.

3

Pursuant to 28 U.S.C.§ 636(b)(1), the petitioner is given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: August 20, 2009

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Francis D. Tymensky
Jefferson County Prison
578 Service Center
Brookville, PA 15825